BURCH

*v.*

COMMONWEALTH.

(*Supreme Court of Appeals of Virginia, Dec. 22, 1894.*)

[20 S. E. Rep. 778.]

**Criminal Prosecution—Degree of Proof.**

A conviction of felony should be set aside when the evidence makes a case only of suspicion or probability of guilt.

Error to Louisa county court.

Edward Burch was convicted of a felony, and brings error. Reversed.

*Pettit & Leake, B. A. Henson,* and *W. E. Bibb,* for plaintiff in error.

*R. Taylor Scott, Atty. Gen.,* for the Commonwealth.

FAUNTLEROY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the county court of Louisa county, rendered at the July term, 1893, of the said court, by which the plaintiff in error, Edward Burch, was tried and convicted of a felony, and was sentenced to confinement in the penitentiary for the term of three years. The only bill of exceptions is to the refusal of the trial court to set aside the verdict, and grant the prisoner a new trial, on the ground that the verdict is contrary to the law and the evidence. The evidence is certified, and not the facts, and

therefore the review of the evidence by this court is restricted to the evidence of the commonwealth. A careful consideration of the evidence which was adduced on the trial by and for the commonwealth (excluding the evidence which was offered by the prisoner) shows that it is not sufficient to warrant the verdict of the jury and the judgment of the court. At most, it makes a case of suspicion or probability of guilt against the prisoner, but it falls far short of that satisfactory measure of proof of guilt which the law requires, to exclude the reasonable presumption of the innocence of the accused, which can only be overcome by clear and sufficient testimony. In this record there is no direct proof to establish the guilt of the prisoner. It is not only altogether circumstantial, but it is vague and violently conjectural, withal. This disposes of the case, and renders it unnecessary to discuss other points presented and pressed in argument.

We are of opinion that the evidence adduced by the commonwealth upon the trial is wholly insufficient to warrant the verdict, and that the county court of Louisa county erred in refusing to set aside the verdict, and to grant the prisoner a new trial. The verdict of the jury is set aside, the judgment rendered thereon is reversed and annulled, and the case will be remanded to the county court of Louisa county for a new trial. Reversed.